FILED IN CHAMBERS
U.S.D.C. Atlanta

FEB 01 2006

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

WILLIE ALFRED SMITH,            :
    Plaintiff,               :
                            :   CIVIL ACTION NO.
                             :   1:05-CV-3337-RLV
    v.                       :
                             :   PRISONER CIVIL RIGHTS
MILTON E. NIX, JR., et al.,       :   42 U.S.C. § 1983
    Defendants.              :

### ORDER

The Plaintiff, an inmate at Autry State Prison in Pelham, Georgia, has filed the

instant action without paying the filing fee. For the purpose of dismissal only, leave

to proceed in forma pauperis is hereby granted, and the matter is now before this Court

for a 28 U.S.C. § 1915A frivolity screening.

### 28 U.S.C. § 1915A Frivolity Screening

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial

screening of a prisoner complaint to determine whether the action (1) is frivolous or

malicious, or fails to state a claim on which relief may be granted, or (2) seeks

monetary relief against a defendant who is immune from such relief. A claim is

frivolous when it appears from the face of the complaint that the factual allegations

are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll

v. Gross, 984 F.2d 392, 393 (11th Cir.), cert. denied, 510 U.S. 893, 114 S. Ct. 254,

AO 72A
(Rev.8/82)

126 L. Ed. 2d 206 (1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Brower v. County of Inyo</u>, 489 U.S. 593, 597, 109 S. Ct. 1378, 1382, 103 L. Ed. 2d 628 (1989).

To sustain his cause of action under 42 U.S.C. § 1983, the Plaintiff must establish two elements: (1) that he suffered a deprivation of a federal right secured by the Constitution or a federal statute; and (2) the individual committing the act or omission causing the deprivation acted under color of law. <u>Wideman v. Shallowford Community Hosp., Inc.</u>, 826 F.2d 1030, 1032 (11th Cir. 1987).

### The Plaintiff's Claims

In March, 1979, the Plaintiff was convicted in Richmond County Superior Court of felony murder and received a life sentence. <u>Smith v. State</u>, 262 S.E.2d 116 (Ga. 1979). He was released on parole and his parole status was subsequently revoked after a conviction in a Florida federal court. He brings this action against various members of the Georgia Board of Pardons and Paroles (the "Board"), seeking an order of this Court that he be considered for release on parole. This action is not the Plaintiff's first challenge to his current incarceration. In a prior habeas corpus action brought by the Plaintiff, this Court detailed the procedural history of the Plaintiff's

2

release on parole, the subsequent revocation of that parole, and the various court challenges that he has initiated:

On September 27, 1990, Smith was paroled by the Georgia Board of Pardons and Paroles ("Board"). According to Smith, he was arrested on July 9, 1993, by agents of the Federal Bureau of Investigation on the charge of interstate transportation of stolen securities. Smith pleaded nolo contendere to the federal charge on May 17, 1995, and was sentenced to time served on July 28, 1995, in the United States District Court for the Southern District of Florida.

On August 17, 1995, Smith was extradited to the Cobb County Adult Detention Center in Marietta, Georgia, pursuant to a parole violation warrant and detainer issued by the Board on July 14, 1993. On August 18, 1995, the Board revoked Smith's parole.

On March 4, 1996, Smith petitioned the state for a writ of mandamus in the Superior Court of Fulton County alleging due process violations with regard to the revocation of his parole and the failure of the Board to give Smith credit for time served in federal pre-trial detention. On May 14, 1996, a hearing was held on Smith's petition for a writ of mandamus, and said petition was denied on June 3, 1996. Smith's appeal to the Georgia Supreme Court was denied on October 4, 1996, and Smith's motion for reconsideration was denied on October 31, 1996.

According to the records of this Court, Smith filed for a writ of federal habeas corpus on February 18, 1997. Said federal petition was dismissed without prejudice for failure to exhaust available state remedies on July 3, 1997, and Smith received notice of the dismissal on July 17, 1997.

Smith filed for a writ of state habeas corpus on October 6, 1997, in the Superior Court of Ware County. Smith's state petition was transferred to the Superior Court of Mitchell County and was subsequently denied on May 8, 1999. Smith filed an application for

3

probable cause to appeal with the Georgia Supreme Court on June 3, 1999.  Said application was denied on October 20, 1999.

Smith v. Thompson, Civil Action No. 1:00-CV-2213-RLV, Doc. 5 (N.D. Ga. Magistrate Judge's Report and Recommendation of September 8, 2000) (citations omitted).

The Plaintiff's second habeas corpus action in this Court was dismissed as untimely pursuant to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Id. Plaintiff also sought to challenge the revocation of his parole through a petition of a writ of mandamus in this Court, and that action was ultimately dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2). Smith v. Georgia Board of Pardons and Paroles, Civil Action No. 1:96-CV-2835-ODE (N.D. Ga., Order of Nov. 1, 1996).

In the instant complaint, the Plaintiff details many of the foregoing facts. Additionally, he complains that, in 1995, when he was extradited to Georgia from Florida, he was initially taken to the Cobb County Adult Detention Center in Marietta, Georgia ("CCADC").  According to the Plaintiff, CCADC officials were at first reluctant to accept the Plaintiff.  However, the CCADC "intake officer" called the Plaintiff's parole officer, and the parole officer requested that the Plaintiff be detained. Plaintiff also complains that his parole was revoked without a hearing.

4

Further, the Plaintiff states that he filed a 28 U.S.C. § 2255 motion to vacate the Florida federal conviction that served as the basis for the revocation of his parole in Georgia. See United States v. Smith, Criminal Action No. 9:1993-CR-8075 (S.D. Fla.). The federal criminal trial court denied the § 2255 motion, but, on May 24, 2000, the Eleventh Circuit reversed, remanding the case to the trial court for an evidentiary hearing on the question of whether the Plaintiff's criminal attorney had inaccurately informed the Plaintiff that a plea of nolo contendere in the federal criminal case would not result in the revocation of his parole in Georgia. [Doc. 1, Exh. 5, Smith v. United States, Case No. 99-12696 (11th Cir., May 24, 2000)]. According to the Plaintiff, after the remand but prior to an evidentiary hearing in the district court, the Plaintiff agreed to withdraw his § 2255 motion if the Assistant United States Attorney ("AUSA") would write a letter to the Board on the Plaintiff's behalf. On September 29, 2000, the AUSA wrote a letter to the Board, stating, *inter alia*, that he "would suggest the granting of parole might be appropriate for [the Plaintiff], if this is proper under [the Board's] rules and regulations." [Doc. 1, Exh 6].

In a letter dated October 30, 2001, the Board informed the Plaintiff that it had denied him re-release on parole and that he would be reconsidered for parole during August, 2009. [Doc. 1, Exh. 2]. In a letter dated February 5, 2001, the Board informed the Plaintiff that his request for expedited parole reconsideration had been

AO 72A
(Rev.8/82)

denied. [Id.].  In a letter apparently addressed to the Plaintiff's parents and dated January 27, 2003, the Board expressed its belief that the Plaintiff's conviction in federal court in Florida for stealing a check in the amount of $560,000.00, and his subsequent attempts to negotiate an exchange of the check for cocaine was a serious offense that justified the Board's refusal to release the Plaintiff on parole. [Id. Exh. 3]. In a letter dated August 26, 2004, the Board informed the Plaintiff that it would not grant him an early reconsideration for parole unless "the Board received very substantial and convincing information which put an entirely new and more favorable light on [the Plaintiff's] case." [Id.].

Throughout the complaint, Plaintiff repeatedly asserts that he has been a model prisoner and that he has participated in numerous self-help programs provided at the prison.  Plaintiff claims that the members of the Board have violated his rights for revoking his parole without a proper hearing, refusing to re-release him on parole, and scheduling his reconsideration hearing for August, 2009.  He further claims that his parole officer violated his rights by requesting that CCADC officials detain him when he otherwise would have been released.

AO 72A
(Rev.8/82)

## Discussion

As an initial matter, this Court notes that the Plaintiff's claims are untimely. The Georgia two-year statute of limitations for personal injury actions applies to actions brought pursuant to 42 U.S.C. § 1983 when the relevant events occurred in Georgia. Williams v. City of Atlanta, 794 F.2d 624 (11th Cir. 1986).

The actions of the Plaintiff's parole officer in convincing CCADC officials not to release him occurred in 1995, and the Plaintiff's claims regarding the incident are clearly barred by the statute of limitations.

As to his claims against the Board, in Lovett v. Ray, 327 F.3d 1181 (11th Cir. 2003), the Eleventh Circuit reviewed a case in which the plaintiff, an inmate in custody pursuant to a conviction in a Georgia court, filed a § 1983 action in this Court in which he complained that the Board had retroactively applied a new law to him, reducing the frequency of his parole consideration hearings. Id. at 1182. The Honorable Beverly B. Martin, United States District Judge of this Court dismissed the claim because the plaintiff had been notified by the Board of his next parole consideration hearing more than two years prior to the filing of his suit. Id. The Eleventh Circuit, in affirming Judge Martin's dismissal, found that as of the time that he received notice from the Board, the Plaintiff knew, or should have known, all of the facts necessary to pursue a cause of action. Therefore, his claim was untimely. Id.

7

at 1183; see also id. (holding that the "continuing violation" doctrine did not apply because the Board's decision setting the date for his next parole consideration hearing "was a one time act with continued consequences, and the limitations period is not extended").

Likewise in this action, the latest material action of the Board was its decision to extend the date of the reconsideration of his parole until August, 2009. The Plaintiff learned of the Board's decision in a letter to the Plaintiff dated October 30, 2001, at which time he knew of all the relevant facts necessary to pursue his claims. In order for the instant complaint to be timely under the statute of limitations, the Plaintiff should have filed it within two years of that date or at some time prior to October 30, 2003.[1] The Plaintiff dated his complaint December 28, 2005, and it was received by this Court on December 30, 2005.

Giving the Plaintiff every benefit of the doubt, the earliest possible date that he could be said to have filed the instant action is December 28, 2005, the date on which he may have submitted his complaint to his custodian for mailing to this Court. See McDaniel v. Moore, 292 F.3d 1304, 1307 (11th Cir. 2002) (discussing "prison mailbox rule"). The Plaintiff's complaint is therefore not timely filed, and he has

---

[1] It is evident from the complaint and the attached exhibits that Plaintiff had received the letter from the Board very soon after it was sent to him.

8

made no argument that the statute of limitations should be tolled or that he was under a disability that prevented him from timely filing his complaint.

If it appears beyond a doubt from the complaint itself that an inmate can prove no set of facts which would avoid a statute of limitations bar, sua sponte dismissal of the complaint pursuant to 28 U.S.C. § 1915A is appropriate. Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003).

Even without the statute of limitations bar, this Court finds that the Plaintiff has failed to state a claim for relief. The Eleventh Circuit has examined the legislation which empowers the Board to grant parole and has determined that it does not create a liberty interest in parole; there is "no protected liberty interest in parole. . . . To give rise to a liberty interest in parole, the statutes and regulations must meaningfully limit the discretion of state officials. Here, the substantial discretion reserved by the Board belies any claim to a reasonable expectation of parole." Sultenfuss v. Snow, 35 F.3d 1494, 1502 (11th Cir. 1994) (en banc). "Unless there is a liberty interest in parole, the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness." Slocum v. Georgia State Board of Pardons and Paroles, 678 F.2d 940, 942 (11th Cir. 1982) (citation omitted). In other words, the discretion reserved by the Board under the laws of the State of Georgia permits the Board to deviate from its own regulations and guidelines as it sees fit without running

9

afoul of the Due Process Clauses of the Constitution. Parole in Georgia is a matter of grace rather than right, <u>Brown v. Kearney</u>, 355 F.2d 199, 200 (5th Cir. 1966), and pursuant to the violent crime that the Plaintiff committed and his subsequent conviction and life sentence imposed therefor, the state could have held the Plaintiff in prison for the remainder of his life. Instead, it chose to parole him, and the Plaintiff responded by violating the terms of that parole by committing a felony offense in Florida. Accordingly, the state is free to require the Plaintiff to serve the remainder of his life sentence, and the Plaintiff's assertions that the Board has acted arbitrarily in refusing to re-release him on parole fail to state a claim for relief.

## Conclusion

For the foregoing reasons, this Court now finds that Plaintiff has failed to establish that he is entitled to § 1983 relief.

**IT IS THEREFORE ORDERED** that the instant action be **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED,** this 1st day of _____ **FEB.** _____, 2006.

ROBERT L. VINING, JR.
UNITED STATES DISTRICT JUDGE

10